1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**RICARDO SANCHEZ MENDOZA,**

Petitioner,

v.

**PAUL COPENHAVER, Warden,**

Respondent.

Case No. 1:14-cv-02010 MJS (HC)

**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THIS MATTER**

**(Doc. 1)**

Petitioner is a federal prisoner currently incarcerated at United States Prison Atwater and proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant habeas petition in this Court on December 18, 2014.

Petitioner was arrested in the United States District Court for the Eastern District of North Carolina and ultimately pled guilty to one count of conspiracy to possess with intent to distribute cocaine and three counts of distribution of cocaine, and he was found guilty by a jury of possession of a firearm in furtherance of a drug trafficking offense. United States v. Mendoza, 401 Fed. Appx. 739, 740 (4th Cir. 2010). Petitioner claims he

1

1    entitled to relief in light of the recent Supreme Court decision in <u>Rosemond v. United</u>
2    <u>States</u>, 134 S. Ct. 1240, 1241 (2014). (<u>See</u> generally Pet. at 11-14, ECF No. 1.)

3    **I.      SCREENING THE PETITION**

4    Because the petition was filed after April 24, 1996, the effective date of the
5    Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the
6    petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484,
7    1499 (9th Cir. 1997).

8    The Rules Governing Section 2254 Cases in the United States District Courts
9    (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28
10   U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a
11   preliminary review of each petition for writ of habeas corpus. The Court must summarily
12   dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that
13   the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v.</u>
14   <u>Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> also <u>Hendricks v. Vasquez</u>, 908 F.2d 490
15   (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief
16   available to the Petitioner; 2) state the facts supporting each ground; and 3) state the
17   relief requested. Notice pleading is not sufficient; rather, the petition must state facts that
18   point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976
19   Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S.
20   63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably
21   incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

22   Further, the Court may dismiss a petition for writ of habeas corpus either on its
23   own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or
24   after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule
25   8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

26   **II.     JURISDICTION**

27   A federal prisoner who wishes to challenge the validity or constitutionality of his
28   conviction or sentence must do so by way of a motion to vacate, set aside, or correct the

1   sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.

2   1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner

3   may not collaterally attack a federal conviction or sentence by way of a petition for a writ

4   of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861,

5   865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be

6   filed under § 2255 in the sentencing court, while petitions that challenge the manner,

7   location, or conditions of a sentence's execution must be brought pursuant to § 2241 in

8   the custodial court."); Tripati, 843 F.2d at 1162.

9       In contrast, a federal prisoner challenging the manner, location, or conditions of

10   that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C.

11   § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and

12   constitutionality of his conviction. Therefore, the appropriate procedure would be to file a

13   motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

14       The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

15   authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by

16   motion under § 2255 is "inadequate or ineffective to test the validity of his detention."

17   Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison,

18   519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of

19   § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or

20   ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255

21   motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.

22   1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

23   inadequate). The burden is on the petitioner to show that the remedy is inadequate or

24   ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

25       The Ninth Circuit has also "held that a § 2241 petition is available under the

26   'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and

27   (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v.

28   Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

3

1      Petitioner fails to meet either of these requirements. In this case, Petitioner is
2  challenging the validity and constitutionality of his federal sentence imposed by a federal
3  court, rather than an error in the administration of his sentence. Therefore, the
4  appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing
5  court, not a habeas petition pursuant to § 2241 in this Court.

6      Petitioner did not lack an unobstructed opportunity to present his claims in his §
7  2255 motion. Here, Petitioner sought and was denied direct review of his federal petition.
8  On November 10, 2010, the Fourth Circuit Court of Appeals denied his direct appeal.
9  United States v. Mendoza, 401 Fed. Appx. 739. Afterwards, Petitioner failed to file a
10  motion pursuant to § 2255 within the year limitation period. However, Petitioner filed a
11  motion for reduction of sentence with the court of conviction on November 3, 2014. (See
12  E.D.N.C. Case No. 5:09-cr-00091-D, ECF No. 93.) It appears the motion is currently
13  pending.

14      While a § 2255 motion filed by Petitioner may be procedurally barred as
15  successive and untimely, such an obstacle is not sufficient to show that he lacked an
16  unobstructed opportunity to present his claims. Ivy v. Pontesso, 328 F.3d 1057, 1060
17  (9th Cir. 2003).

18      The Ninth Circuit has also "held that a § 2241 petition is available under the
19  'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and
20  (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v.
21  Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

22      Petitioner seeks review of his conviction and sentence under § 2241, arguing that
23  Rosemond v. United States, 134 S. Ct. 1240 (2014) altered the standard of knowledge
24  for defendants convicted of aiding and abetting the possession or use of a weapon
25  during the commission of certain federal offenses, and that he would not have been
26  convicted of several counts if the new standard had applied. (Pet. at 11-14.) Accordingly,
27  Petitioner believes his sentence is unlawfully long. Because Petitioner is challenging the
28  validity of his conviction and not the manner in which his sentence is being administered,

1  § 2255's exclusive remedy rule bars the present petition unless the savings clause
2  applies.

3      The Court turns to whether the Petitioner has had "any opportunity" to seek relief
4  from the sentencing court on the claim presented here. See Abdullah, 392 F.3d at 959. If
5  so, then he cannot show that § 2255 is either inadequate or ineffective.

6      Petitioner appears to argue that Rosemond affords him an argument previously
7  unavailable, rendering his § 2255 remedy "inadequate or ineffective." It is true that any
8  motion under § 2255 would be considered untimely and only allowed if a later
9  commencement date occurred under 28 U.S.C. §§ 2254(f)(h). However, the expiration of
10 the one-year limitations period for § 2255 motions under 28 U.S.C. § 2255(f) does not
11 render § 2255 inadequate or ineffective for two reasons. First, it is merely a procedural
12 barrier, which is not sufficient to trigger the savings clause. See Abdullah, 392 F.3d at
13 959. Second, if Rosemond does, as Petitioner argues, create a new right that is
14 retroactively applicable to cases on collateral review, the one-year limitations period
15 would re-commence on March 5, 2014, the date Rosemond was decided. See 28 U.S.C.
16 § 2255(f)(3). Therefore, if Rosemond in fact created a new and retroactive right, he can
17 still seek to raise this claim in the district of conviction. For these reasons, Petitioner
18 cannot show that the § 2255 remedy is inadequate or ineffective in order to invoke the
19 savings clause in this case.

20     Although Rosemond was decided on March 5, 2014, no court has yet found
21 Rosemond retroactively applicable to cases on collateral review. See, e.g., Whitted v.
22 Coakley, 2014 U.S. Dist. LEXIS 156697 (N.D. Ohio Nov. 5, 2014); Taniguchi v. Butler,
23 No. 14-CV-120, 2014 U.S. Dist. LEXIS 144154, 2014 WL 5063748 *5 (E.D.Ky. October
24 8, 2014); Rodriguez-Pena v. Werlich, No. 14-cv-994, 2014 U.S. Dist. LEXIS 121483,
25 2014 WL 4273631, *2 (D.La. Aug. 29, 2014) (relief not available in § 2241 under savings
26 clause of § 2255(e) because Rosemond not made retroactively applicable by Supreme
27 Court); Gentile v. Fox, 2014 U.S. Dist. LEXIS 109989, 2014 WL 3896065, *8 (C.D.Cal.
28 July 11, 2014) (Rosemond concerned instructional error, not actual innocence, and does

1   not make rule concerning aiding and abetting under § 924(c) retroactive on collateral

2   review).

3   Even if <u>Rosemond</u> applies retroactively, there is no miscarriage of justice here.

4   First, as already noted, if <u>Rosemond</u> applies retroactively, then Petitioner still has an

5   opportunity to raise his claim with the sentencing court in a § 2255 motion. If <u>Rosemond</u>

6   does not apply retroactively, then Petitioner fails to meet the second condition for

7   applying the § 2255 savings clause because his claims are not proper claims of "actual

8   innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section

9   2255 savings clause is tested by the standard articulated by the United States Supreme

10  Court in <u>Bousley v. United States</u>, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828

11  (1998). In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence,

12  petitioner must demonstrate that, in light of all the evidence, it is more likely than not that

13  no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623. Petitioner

14  bears the burden of proof on this issue by a preponderance of the evidence, and he

15  must show not just that the evidence against him was weak, but that it was so weak that

16  "no reasonable juror" would have convicted him. <u>Lorentsen</u>, 223 F.3d at 954. "[S]uch a

17  claim requires petitioner to support his allegations of constitutional error with new reliable

18  evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness

19  accounts, or critical physical evidence — that was not presented at trial." <u>Schlup v. Delo</u>,

20  513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

21  In this case, Petitioner has not presented a strong case of factual innocence.

22  Instead, Petitioner argues under <u>Rosemond</u> he should not have been found guilty of the

23  firearm offense because he lacked advance knowledge of certain elements of the

24  crimes. (<u>See</u> Pet. at 11-14.) Petitioner's argument only addresses technical legal

25  elements of the crime. He does not deny that he possessed and sold drugs, but simply

26  challenges whether he had advance knowledge that a firearm would be used in the

27  commission of the offenses.  Petitioner has not presented sufficient factual support to

28  establish a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a

1  § 2241 petition under the escape hatch.

2        Accordingly, Petitioner has not met either prong of the savings clause, and the

3  Court recommends that the petition be dismissed.

4  **III.    RECOMMENDATION**

5        Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ

6  of habeas corpus be DISMISSED. Further, the Court ORDERS that the Clerk of Court

7  assign a District Court Judge to the instant matter.

8        These Findings and Recommendations are submitted to the assigned United

9  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

10  and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

11  District of California. Within thirty (30) days after being served with a copy, Petitioner

12  may file written objections with the Court. Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations. The Court will then

14  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties

15  are advised that failure to file objections within the specified time may result in the waiver

16  of rights on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL

17  6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

18  (9th Cir. 1991)).

19

20  IT IS SO ORDERED.

21     Dated:  __December 22, 2014__      /s/ *Michael J. Seng*

22                                      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28